J-A33043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGELO POZZA | |
| Appellant | No. 1974 EDA 2014 |

Appeal from the Judgment of Sentence of June 6, 2014
In the Court of Common Pleas of Wayne County
Criminal Division at No.: CP-64-CR-0000108-2013

BEFORE: LAZARUS, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 31, 2014**

Angelo Pozza appeals from the judgment of sentence entered June 6, 2014, following entry of a guilty plea. Specifically, he challenges the discretionary aspects of his sentence. We affirm.

The trial court set forth the history of this case as follows:

On August 12, 2013, [Pozza] was charged with fifty (50) counts relating to corrupt organizations, criminal conspiracy, criminal use of a communication facility, delivery of a controlled substance, possession with intent to deliver a controlled substance, and possession of cocaine. The charges stemmed from the 33rd Statewide Investigating Grand Jury Presentment regarding the trafficking of narcotics.

On March 6, 2014, [Pozza] entered into a plea agreement with the Attorney General's Office. In exchange for [Pozza's] full cooperation with the Attorney General's investigation, [Pozza] entered a plea of guilty to one (1) count of corrupt organizations

---

[*]    Retired Senior Judge assigned to the Superior Court.

(count 2 of the information), one (1) count of criminal conspiracy to deliver a controlled substance (in excess of fifty (50) grams of cocaine) (count 3 of the information), one (1) count of delivery of a controlled substance (count 7 of the information), and one (1) count [of] criminal use of a communication facility (count 30 of the information). On June 6, 2014, [Pozza] was sentenced to incarceration in a State Correctional Institute: as to count 2—corrupt organizations, for not less than nine (9) months nor more than sixty (60) months; as to count 3—criminal conspiracy to deliver a controlled substance—cocaine, for not less than twenty-two (22) months nor more than sixty (60) months, consecutive to count 2; and as to count 7—delivery of a controlled substance, for not less than twenty-two (22) months nor more than sixty (60) months, concurrent to count 3.[1] [Pozza's] aggregate sentence of incarceration was not less than thirty-one (31) months nor more than one-hundred twenty (120) months. [Pozza] was eligible for participation in the Recidivism Risk Reduction Incentive (RRRI). [Pozza's] RRRI minimum sentence is twenty-three and one-fourth (23 ¼) months.

[1] As to count 30—criminal use of a communication facility, [Pozza] was not sentenced to incarceration. [Pozza] was sentenced to pay a fine of ten-thousand dollars ($10,000.00).

Trial Court Opinion ("T.C.O."), 8/11/2014, at 1-2. Pozza filed a motion for reconsideration of sentence on June 16, 2014, which the trial court denied on June 19, 2014. Pozza timely appealed on July 3, 2014. On July 29, 2014, pursuant to the trial court's order, Pozza filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 11, 2014, the trial court entered its opinion pursuant to Pa.R.A.P. 1925(a).

Pozza raises one question for our review: "Whether the trial court abused its discretion in sentencing [Pozza] to 31 to 120 months['] incarceration in state prison (minimum reduced by RRRI to 23 ¼ months)?" Pozza's Brief at 4.

- 2 -

Pozza argues that the sentence of thirty-one to one hundred twenty months' incarceration was an abuse of discretion by the trial court.[1] *Id.* at 11. He asserts that the trial court failed to "give proper weight to [his] chronic and severe health issues, full cooperation with the prosecution, clear remorse and his positive impact/effect on the community." *Id.* We disagree.

Preliminarily, we note that Pozza must meet two requirements before we will hear his challenge to the discretionary aspects of his sentence on the merits:

> First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the

---

[1] We note that Pozza entered into an open plea agreement, and therefore has not waived his right to challenge the discretionary aspects of his sentence. *See* Plea Agreement, 3/6/2014, at 1-2.

> Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. However, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence.

*Commonwealth v. Boyd*, 835 A.2d 812, 816 (Pa. Super. 2003) (citation omitted).

- 3 -

appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Bishop***, 831 A.2d 656, 660 (Pa. Super. 2003) (case citations omitted).

First, Pozza's brief sets forth a concise statement of the reasons for his appeal in compliance with Pa.R.A.P. 2119(f). Pozza's Brief, at 5-7. Second, he argues that his sentence is "clearly contrary to the fundamental norms of the sentencing process" because the court's "failure to address and properly weight [*sic*] the other facts and circumstances on the record violates the sentencing norms that require a court to consider and address all facts and circumstances in determining an appropriate sentence." ***Id.*** at 6.

There is ample precedent to support a determination that Pozza's claim that the trial court did not properly weigh the facts of his case fails to raise a substantial question that his sentence is not appropriate under the Sentencing Code. ***See Commonwealth v. Griffin***, 65 A.3d 932, 936-37 (Pa. Super. 2013) (citing cases).

Even if we were to determine that Pozza's claim did raise a substantial question, we find no merit to the underlying allegation. The trial court had the benefit of a pre-sentence investigation report ("PSI"), and sentenced Pozza to a standard-range sentence. ***See*** Order, 3/6/2014; Notes of Testimony ("N.T.") Sentencing, 6/2/2014, at 8, 11-12.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006). In reviewing a sentence on appeal, the appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781; *see also Commonwealth v. Lewis*, 45 A.3d 405, 411 (Pa. Super. 2012).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.* Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005) (stating if sentencing court

- 5 -

has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (1995) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (some formatting).

Here, the trial court stated at sentencing:

Mr. Pozza[,] I read every page of your pre-sentence report, there are ten narrative pages, the computation of the sentencing guidelines, the recommendation to this court. There were a host of letters to me, there was a presentation of the facts from the grand jury. There was the sentencing memorandum from your counsel, and sentencing memorandum for the Commonwealth, I read everything, and quite frankly spent considerable time going over these matters time and time again.

N.T. at 8. The trial court described Pozza's background and impact in the community, and noted his cooperation with the prosecution, before stating that it would follow the standard-range sentence recommended by the Commonwealth. *Id.* at 9-12.

Accordingly, the court did not err in imposing a sentence of thirty-one to one-hundred twenty months with an RRRI-minimum sentence of twenty-three and one quarter months. *See Commonwealth v. Smith*, 673 A. 2d 893, 895 (Pa. 1996) (holding that imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed unless there is a clear abuse of discretion). Based upon our review of the record, Pozza has

failed to establish that the trial court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Shugars*, 895 A.2d at 1275. Thus, we decline to disturb Pozza's judgment of sentence based on his allegation of error.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2014