J-S07004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH WILLIAM KESTER, | |
| Appellant | No. 1144 MDA 2014 |

Appeal from the Judgment of Sentence Entered June 12, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):
CP-35-CR-0002937-2009
CP-35-CR-0002938-2009

BEFORE: BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 10, 2015**

Appellant, Joseph William Kester, appeals from the judgment of sentence of an aggregate term of 1 to 2 years' incarceration. On appeal, Appellant challenges the discretionary aspects of his sentence. Additionally, his counsel, Donna M. DeVita, Esq., seeks permission to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), as elucidated by our Supreme Court in **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and amended in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we agree with counsel that Appellant's claims are frivolous. Accordingly, we affirm his judgment of sentence and grant counsel's petition to withdraw.

On July 26, 2010, Appellant entered a guilty plea to use or possession of drug paraphernalia and providing false identification to law enforcement. He was sentenced on October 26, 2010, to two consecutive probation terms of one year. These sentences were to be served consecutively to another sentence Appellant was then serving in an unrelated case. These terms of probation were revoked following a hearing on June 12, 2014, and Appellant was sentenced to two consecutive terms of 6 to 12 months' incarceration.

Appellant filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On October 20, 2014, Attorney DeVita filed with this Court a petition to withdraw as counsel pursuant to **Anders/Santiago**. "When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

> record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> ***Santiago****,* 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan****,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014). After confirming that counsel satisfied these requirements, this Court must then conduct its own review of the record and independently determine whether the appeal is in fact wholly frivolous. ***Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa. Super. 2010).

Instantly, Attorney DeVita's ***Anders*** brief provides a detailed summary of the procedural history and facts of Appellant's case with citations to the record. It also includes a discussion of appellate issues that the record could arguably support; namely, a challenge to the court's authority to impose the sentence, and a challenge to the court's sentencing discretion. Attorney DeVita sets forth her conclusion that an appeal on Appellant's behalf would be wholly frivolous and explains the reasons underlying that determination. She also supports her rationale with citations to the record, as well as relevant case law. Attorney DeVita confirms that she sent a copy of her ***Anders*** brief to Appellant, and also has provided a copy of a letter she sent to Appellant advising him of his right to retain private counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

Therefore, we conclude that Attorney DeVita has complied with the requirements of **Anders/Santiago**. Accordingly, we will now independently review the merit of Appellant's assertions, and also determine whether there are any other issues he could arguably present on appeal. **See Daniels**, 999 A.2d at 594.

First, Appellant claims that the court erred when it revoked his terms of probation before they had commenced. This claim is without merit. As this Court has noted,

> [a] term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted. Otherwise, having been granted probation a defendant could commit criminal acts with impunity-as far as revocation of probation is concerned-until he commenced actual service of the probationary period.

**Commonwealth v. Wendowski**, 420 A.2d 628, 630 (Pa. Super. 1980) (internal quotation marks and citations omitted). Accordingly, as a court may revoke a sentence of probation before a defendant has begun serving that sentence, we conclude that it was not error for the court to revoke Appellant's sentences of probation in the instant case.

Moreover, Appellant claims that the court abused its discretion when it imposed an aggregate sentence of 1 to 2 years' incarceration, as this sentence was excessive based on Appellant's technical violations of his probation.

> A claim that the sentence imposed by the trial court was manifestly excessive is a challenge to the discretionary aspects of the sentence. The right to appeal the discretionary aspects of a sentence is not absolute. Two requirements must be met

- 4 -

before a challenge to the discretionary aspects of a sentence will be heard on the merits.  First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence.  Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code.  The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis.  In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Bishop***, 831 A.2d 656, 660 (Pa. Super. 2003).

Here, the trial court sentenced Appellant to two consecutive terms of 6 to 12 months' incarceration.  We note that twelve months' incarceration is the statutory maximum sentence that may be imposed for each offense to which Appellant pled guilty, and that both sentences fall within the aggravated range of the sentencing guidelines.  However, we also recognize that, "[T]he sentencing guidelines do not apply to sentences imposed as a result of … probation revocations." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001) (internal citations omitted).  Rather, "[u]pon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing."  42 Pa.C.S. § 9771.

Appellant claims that the sentencing court abused its discretion in sentencing him to such a lengthy period of incarceration, given the fact that this was the first violation of his probation, and the violations were technical.  However, our review of Appellant's post-sentence motion, and the applicable

notes of testimony, indicate that this issue was never raised before the sentencing court. As such, it is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Moreover, even if Appellant's claim had been properly preserved, he would not be entitled to relief. Appellant stipulated that he had violated his probation; specifically, he had possessed a knife, used morphine and marijuana, and left a court-ordered rehabilitation facility. N.T, 6/29/14, at 2. The court also noted that Appellant had failed to follow through with treatment for substance abuse, failed to maintain employment, and submitted several urine samples that tested positive for controlled substances. *Id.* at 5-6. The court stated these reasons on the record, and then added, "It's not a failure to rehabilitate, it's a failure to even make an attempt to rehabilitate." *Id.* at 6. Accordingly, we would conclude Appellant's sentence was not an abuse of discretion.

In sum, we agree with Attorney DeVita that Appellant's sentencing issues are frivolous. Additionally, our review of the record reveals no other non-frivolous claims that Appellant could arguably assert. Thus, we affirm his judgment of sentence and grant counsel leave to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/10/2015</u>