J-S25031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL ANTHONY SALTER, | |
| Appellant | No. 1653 WDA 2014 |

Appeal from the Judgment of Sentence September 9, 2014
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0000591-2014

BEFORE: BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 28, 2015**

Appellant, Michael Anthony Salter, appeals from the judgment of sentence imposed after he pleaded guilty to one count each of possession of a controlled substance and possession of drug paraphernalia.[1] Counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), on the basis that the appeal is wholly frivolous. We grant counsel's petition and affirm Appellant's judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

We take the following facts and procedural history from our independent review of the record. On January 29, 2014, Officers Gould[2] and Christopher J. Szoszorek were dispatched to the scene of a domestic dispute between Appellant and his girlfriend, Naomi Dodd. Upon the officers' arrival at the scene, Dodd told them that she did not want to pursue charges for the domestic dispute, but that she would like Appellant to leave the residence for a while. Dodd consented to the officers' entry into the apartment, at which point they smelled marijuana. While looking for Appellant, the officers found two potted marijuana plants and a digital scale. Thereafter, Appellant, whose license was suspended, drove away from the residence in Dodd's car.

On March 24, 2014, the Commonwealth filed an information against Appellant charging him with one count each of possession with intent to deliver a controlled substance, possession of a controlled substance, and driving while operating privilege is suspended or revoked; and three counts of possession of drug paraphernalia.[3] On September 9, 2014, Appellant pleaded guilty to one count each of possession of a controlled substance and possession of drug paraphernalia. The Commonwealth *nolle prossed* the remaining charges. The same day, the court sentenced Appellant to an aggregate term of eighteen months of county probation and twenty hours of

---

[2] Officer Gould's first name does not appear in the certified record.

[3] 35 P.S. §§ 780-113(a)(30) and (a)(16), 75 Pa.C.S.A. § 1543(a), and 35 P.S. § 780-113(a)(32), respectively.

community service, plus fines and costs.  (**See** Sentencing Order, 9/09/14,

at 1).  Appellant timely appealed.[4]  Counsel filed an **Anders** brief on January

12, 2015, and a petition to withdraw on January 13, 2015, on the basis that

the appeal is wholly frivolous.

The standard of review for an **Anders** brief is well-settled:

Court-appointed counsel who seek to withdraw from
representing an appellant on direct appeal on the basis that the
appeal is frivolous must:

(1) petition the court for leave to withdraw
stating that, after making a conscientious
examination of the record, counsel has determined
that the appeal would be frivolous; (2) file a brief
referring to anything that arguably might support the
appeal but which does not resemble a "no-merit"
letter or *amicus curiae* brief; and (3) furnish a copy
of the brief to the defendant and advise the
defendant of his or her right to retain new counsel or
raise any additional points that he or she deems
worthy of the court's attention.

[T]his Court may not review the merits of the underlying
issues without first passing on the request to withdraw.

**Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009) (citations

and most quotation marks omitted).  Further, our Supreme Court ruled in

**Santiago**, **supra**, that **Anders** briefs must contain "a discussion of

---

[4] On October 10, 2014, the court ordered Appellant to file a Rule 1925(b) statement.  On October 30, 2014, counsel filed a statement of intent to file an **Anders**/**McClendon** brief.  **See** Pa.R.A.P. 1925(c)(4).  On November 3, 2014, the trial court filed an opinion and order in which it stated that, in light of counsel's notice of intent to file an **Anders**/**McClendon** brief, no opinion on the merits of Appellant's appeal would issue.  **See** Pa.R.A.P. 1925(a).

counsel's reasons for believing that the client's appeal is frivolous[.]" *Santiago*, *supra* at 360.

Instantly, counsel's *Anders* brief and petition to withdraw substantially comply with the applicable technical requirements and reveal that he has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]" *Lilley*, *supra* at 997. Additionally, the record establishes that counsel served Appellant with a copy of the *Anders* brief and petition to withdraw, and a letter of notice which advised Appellant of his right to retain new counsel or to proceed *pro se* and raise additional issues to this Court.[5] *See id.*; (*see also* Petition for Leave to Withdraw as Counsel, 1/13/15, Exhibit 1, at 1). Further, the petition and brief cite "to anything that arguably might support the appeal[.]" *Lilley*, *supra* at 997; (*see also Anders* Brief, at 4-7). As noted by our Supreme Court in *Santiago*, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of *Anders*. *See Santiago*, *supra* at 360-61.

Having concluded that counsel's petition and brief substantially comply with the technical *Anders* requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to

_____

[5] Appellant has not filed a response to the petition to withdraw.

whether the appeal is, in fact, wholly frivolous." **Lilley**, **supra** at 998 (citation omitted).

The **Anders** brief raises one question for our review: "Whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code[?]" (**Anders** Brief, at 3).

Appellant's issue challenges the discretionary aspects of his sentence, which "must be considered a petition for permission to appeal." **Commonwealth v. Kelly**, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted).[6]

It is well-settled that:

---

[6] "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citation omitted); **see also Commonwealth v. Foster**, 960 A.2d 160, 163 (Pa. Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011).

In the case before us, Appellant did not file a post-sentence motion or raise an argument at sentencing that challenged his sentence, thus normally waiving his issue. (**See** N.T. Plea and Sentencing Hearing, 9/09/14, at 7-17); **see also Cartrette**, **supra** at 1042. However, because counsel has filed a petition to withdraw, we will not deem Appellant's issue waived. **See Commonwealth v. Bishop**, 831 A.2d 656, 659 (Pa. Super. 2003) (noting that, "[p]ursuant to **Anders,** this Court must review the merits of all claims set forth in an **Anders** brief in order to determine whether to grant counsel's petition to withdraw from representation, despite the fact that the issues have been waived.") (citation omitted).

> When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits.

*Commonwealth v. Hill*, 66 A.3d 359, 363-64 (Pa. Super. 2013) (case citations omitted) (emphases in original).

Here, Appellant has met the procedural requirement of including a Rule 2119(f) statement. (*See Anders* Brief, at 4-6). Accordingly, we must consider whether Appellant's statement raises a substantial question. *See Hill*, *supra* at 363-64.

Appellant's Rule 2119(f) statement maintains that "the term of probation ordered to be served by [him] conflicts with the objectives of Section 9721(b)[]" where the court failed to consider mitigating factors such as "his current and then-pending fatherhood, having graduated high school and continuing vocational education in veterinary science and construction, his employment at Berry Plastics, and the fact the controlled substance was only two marijuana plants." (*Anders* Brief, at 6-7 (record citation

omitted)). An allegation that the court failed to consider all relevant factors does not raise a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 175 (Pa. Super. 2010) ("That the court refused to weigh the proposed mitigating factors as Appellant wished, absent more, does not raise a substantial question.") (citations omitted). Accordingly, we conclude that Appellant has failed to raise a substantial question.

Moreover, our own independent review reveals that the court did not abuse its discretion[7] when fashioning Appellant's sentence. The court considered the particular circumstances of Appellant's case, including the fact that he is a father; his age; his educational background and employment status; his criminal history; and the sentencing guidelines, including his prior record and offense gravity scores. (*See* N.T. Plea and Sentencing Hearing, 9/09/14, at 13-17). Therefore, we agree with counsel that Appellant's issue on appeal is frivolous. *See Lilley*, *supra* at 998. Additionally, we find no other non-frivolous issues that would merit relief.

Judgment of sentence affirmed. Counsel's application to withdraw granted.

---

[7] *See Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) ("Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.") (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/28/2015</u>