J-S16033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAMIEN BROWN, | |
| Appellant | No. 1175 WDA 2016 |

Appeal from the Judgment of Sentence July 8, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0000609-2016
CP-25-CR-0003556-2015

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                                        **FILED APRIL 17, 2017**

Appellant, Damien Brown, appeals from the judgment of sentence imposed after he entered an open guilty plea to one count each of simple assault and corruption of minors.[1]  Appointed counsel has filed a petition for leave to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 6301(a)(1)(i), respectively.

We take the following facts from the trial court's September 1, 2016 opinion and our independent review of the certified record. On July 9, 2015, Appellant got into a fight with a male individual (Male Victim) in which he punched him in the face multiple times, and slammed his head against the pavement, resulting in injuries including broken bones and a concussion. On November 14, 2015, twenty-two year old Appellant engaged in sexual intercourse with a fifteen-year-old female victim (Female Victim) at her residence.

On May 4, 2016, Appellant entered an open guilty plea to simple assault and corruption of a minor. On July 8, 2016, the trial court sentenced him to not less than twelve nor more than twenty-four months' incarceration for each crime, with the sentences to run consecutively. Appellant timely appealed.[2] On December 12, 2016, counsel filed a petition to withdraw and an *Anders* brief on the basis that the appeal is wholly frivolous. Appellant has not responded.

The standard of review for an *Anders* brief is well-settled.

Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

(1) petition the court for leave to withdraw stating that, after making a conscientious

---

[2] On August 24, 2016, Appellant filed a concise statement of errors complained of on appeal. The court filed an opinion on September 1, 2016. *See* Pa.R.A.P. 1925.

examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.

*Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009) (citations and quotation marks omitted). Further, our Supreme Court ruled in *Santiago*, *supra*, that *Anders* briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" *Santiago*, *supra* at 360.

Instantly, counsel's *Anders* brief and application to withdraw substantially comply with the applicable technical requirements and reveal that she has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]" *Lilley*, *supra* at 997 (citation omitted). Additionally, the record establishes that counsel served Appellant with a copy of the *Anders* brief and application to withdraw, and a letter of notice, which advised Appellant of his right to retain new counsel or to proceed *pro se* and raise additional issues to this Court. *See id.*; (*see also* Petition for Leave to Withdraw as Counsel, 12/12/16, Exhibit I). Further, the application and brief cite "to anything that arguably might support the appeal[.]" *Lilley*, *supra* at 997 (citation omitted); (*see also*

- 3 -

*Anders* Brief, at 4-9). As noted by our Supreme Court in *Santiago*, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of *Anders*. *See Santiago*, *supra* at 360-61. Accordingly, we conclude that counsel complied with *Anders'* technical requirements. *See Lilley*, *supra* at 997.

Having concluded that counsel's petition and brief substantially comply with the technical *Anders* requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Lilley*, *supra* at 998 (citation omitted).

The *Anders* brief raises one question for our review: "Whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?" (*Anders* Brief, at 3).

Appellant's issue challenges the discretionary aspects of his sentence, which "must be considered a petition for permission to appeal." *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa. Super. 2015) (citations omitted).[3]

_____

[3] "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v.*
*(Footnote Continued Next Page)*

It is well-settled that:

When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits.

*Commonwealth v. Hill*, 66 A.3d 359, 363-64 (Pa. Super. 2013) (case citations omitted) (emphases in original).

Here, Appellant has met the procedural requirement of including a Rule 2119(f) statement. (*See Anders* Brief, at 4-6). Accordingly, we must

*(Footnote Continued)* —————————

*Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citation omitted.

In the case before us, Appellant filed a post-sentence motion that merely stated that he "is unhappy with his sentence and would for it to be modified [sic]." (10 Day Motion to Reconsider Sentence, 7/12/16, at unnumbered page 1). This vague claim arguably waives Appellant's issue on appeal. *See Cartrette*, *supra* at 1042. However, because counsel has filed a petition to withdraw, we will not deem Appellant's issue waived. *See Commonwealth v. Bishop*, 831 A.2d 656, 659 (Pa. Super. 2003) (noting that, "[p]ursuant to *Anders*, this Court must review the merits of all claims set forth in an *Anders* brief in order to determine whether to grant counsel's petition to withdraw from representation, despite the fact that the issues have been waived.") (citation omitted).

- 5 -

consider whether Appellant's statement raises a substantial question. *See Hill*, *supra* at 363-64.

Appellant's Rule 2119(f) statement maintains that "the sentencing court sentenced [him] within the guidelines[,] but failed to consider the factors set out in [section 9721(b) of the Sentencing Code]." (**Anders** Brief, at 6). This raises a substantial question. *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016) ("An averment that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [a]ppellant, as 42 [Pa.C.S.A.] § 9721(b) requires[] presents a substantial question for our review . . . .") (citation omitted). Therefore, we will conduct a merit review of Appellant's claim.

Our standard of review of a sentencing challenge is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (citation omitted). Moreover, "the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and

considered; they recommend, however, rather than require a particular sentence." ***Commonwealth v. Glass***, 50 A.3d 720, 727-28 (Pa. Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citation and footnote omitted).

Here, our independent review of the record reveals that, in formulating Appellant's sentence, the court considered several relevant factors. For example, it noted that he accepted responsibility for his crimes, it heard the testimony of his step-grandfather, and read a letter from his grandmother. (***See*** N.T. Sentencing, 7/08/16, at 8-9, 15). The court considered the argument of counsel and Appellant's testimony on his own behalf. (***See id.*** at 9-11, 13-17). It also heard testimony from the Female Victim's mother, and noted Appellant's voluminous criminal history, his repeated probation and parole revocations, and his substance abuse problems. (***See id.*** at 12-13, 15-18). The court noted the fact that Appellant's assault of the Male Victim, whom he describes as a "friend," included "smash[ing] his head against the pavement[,]" and resulted in over $8,000.00 in medical bills. (***Id.*** at 17; ***see id.*** at 13). Finally, we note that the court had the benefit of a pre-sentence investigation report, (***see id.*** at 13), and therefore "we can assume the sentencing court was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citations omitted).

J-S16033-17

Based on the foregoing, and our review of the record as a whole, we conclude that Appellant's claim is "wholly frivolous" and does not merit relief. *Lilley*, *supra* at 998; *see also Johnson*, *supra* at 826. Additionally, we find no other non-frivolous issues.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017

- 8 -