J-S48045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDDIE JACKSON, | |
| Appellant | No. 172 MDA 2017 |

Appeal from the Judgment of Sentence December 6, 2016
in the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0002549-2016

BEFORE: OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 12, 2017**

Appellant, Eddie Jackson, appeals from the judgment of sentence imposed after he entered an open guilty plea to one count each of conspiracy to promote prostitution and possession of drug paraphernalia. Appointed counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

We take the following facts from our independent review of the certified record and the trial court's March 30, 2017 opinion. Appellant was charged with one count each of conspiracy to promote prostitution,

_____

[*] Retired Senior Judge assigned to the Superior Court.

possession of a controlled substance, possession of drug paraphernalia, promoting prostitution, and possession of marijuana. The charges related to Appellant's role as a pimp for two women that he transported from Syracuse, New York, to Scranton, Pennsylvania, with the intent of having them engage in prostitution at a Scranton motel. On December 6, 2016, Appellant pleaded guilty to one count each of conspiracy to commit prostitution and possession of drug paraphernalia. In exchange, the Commonwealth *nolle prossed* the remaining, higher graded offenses. The same day, with the benefit of a pre-sentence investigation report (PSI), the trial court sentenced Appellant within the guideline range to an aggregate sentence of not less than twelve nor more than twenty-four months' incarceration. Appellant filed a motion for reconsideration of sentence on December 9, 2016, arguing that a lesser sentence would satisfy the purposes of sentencing. The trial court denied the motion on December 21, 2016, and Appellant timely appealed.[1] On May 15, 2017, counsel filed his petition to withdraw and ***Anders*** brief on the basis that the appeal is frivolous. Appellant has not responded.

The standard of review for an ***Anders*** brief is well-settled.

---

[1] On February 24, 2017, Appellant filed a timely statement of errors complained of on appeal pursuant to the trial court's order. ***See*** Pa.R.A.P. 1925(b). The court filed an opinion on March 30, 2017. ***See*** Pa.R.A.P. 1925(a).

Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

(1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.

*Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009) (citations and some quotation marks omitted). Further, our Supreme Court ruled in *Santiago*, *supra*, that *Anders* briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" *Santiago*, *supra* at 360.

Instantly, counsel's *Anders* brief and application to withdraw substantially comply with the applicable technical requirements and reveal that he has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]" *Lilley*, *supra* at 997 (citation omitted). Additionally, the record establishes that counsel served Appellant with a copy of the *Anders* brief and application to withdraw, and a

- 3 -

letter of notice, which advised Appellant of his right to retain new counsel or to proceed *pro se* and raise additional issues to this Court.[2] ***See id.*** Further, the application and brief cite "to anything that arguably might support the appeal[.]" ***Id.*** at 997 (citation omitted); (***see also Anders*** Brief, at 5-7). As noted by our Supreme Court in ***Santiago***, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of ***Anders***. ***See Santiago***, ***supra*** at 360-61. Accordingly, we conclude that counsel complied with ***Anders***' technical requirements. ***See Lilley***, ***supra*** at 997.

Having concluded that counsel's petition and brief substantially comply with the technical ***Anders*** requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Id.*** at 998 (citation omitted).

The ***Anders*** brief raises one question for our review: "Did the [t]rial [c]ourt abuse its discretion in imposing sentence of the statutory maximum?" (***Anders*** Brief, at 4). Specifically, Appellant claims that his

---

[2] Counsel's petition to withdraw did not attach a letter advising Appellant of his rights pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005). On May 17, 2017, this Court entered a *per curiam* order directing counsel to file a copy of the notification with this Court within ten days. On May 22, 2017, counsel timely filed a copy of the notification letter he sent to Appellant on May 9, 2017. Appellant has not responded.

sentence is excessive because the court sentenced him "to serve the statutory maximum for each offense consecutively." (**Id.** at 6).

Appellant's issue challenges the discretionary aspects of his sentence, which "must be considered a petition for permission to appeal." **Commonwealth v. Kelly**, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted).[3]

It is well-settled that:

> When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence

---

[3] "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citation omitted).

In the case before us, Appellant's post-sentence motion did not raise the precise issue he raises herein; nor did he raise an argument at sentencing that challenged his sentence, thus normally waiving his issue. (**See** Appellant's Motion for Reconsideration of Sentence, 12/09/16, at unnumbered pages 1-2; N.T. Guilty Plea and Sentencing, 12/06/16, at 2-10); **see also Cartrette**, **supra** at 1042. However, because counsel has filed a petition to withdraw, we will not deem Appellant's issue waived. **See Commonwealth v. Bishop**, 831 A.2d 656, 659 (Pa. Super. 2003) (noting that, "[p]ursuant to **Anders**, this Court must review the merits of all claims set forth in an **Anders** brief in order to determine whether to grant counsel's petition to withdraw from representation, despite the fact that the issues have been waived.") (citation omitted).

imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits.

*Commonwealth v. Hill*, 66 A.3d 359, 363-64 (Pa. Super. 2013) (case citations omitted) (emphases in original).

Here, Appellant has met the procedural requirement of including a Rule 2119(f) statement. (*See Anders* Brief, at 5-6). Accordingly, we must consider whether Appellant's statement raises a substantial question. *See Hill*, *supra* at 363-64.

Appellant's Rule 2119(f) statement does not contain any allegations of sentencing error. (*See Anders* Brief, at 5-6). Instead, it contains an explanation of what a Rule 2119(f) statement is, and what it is required to contain. (*See id.*). The only mention of this case is in the third paragraph of the statement, which does not contain any argument, but merely states: "The sentence imposed was within the sentencing guidelines. The sentences imposed constitute the statutory maximums for each offense with the sentences running consecutively." (*Id.* at 6). This fails to raise a substantial question. *See Hill*, *supra* at 363-64. However, even assuming, *arguendo,* that Appellant's statement did raise a substantial question meriting our review, we would still find his claim affords him no relief.

- 6 -

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted).

Instantly, our independent review reveals that the court did not abuse its discretion when fashioning Appellant's sentence. First, the court had the benefit of a PSI report, and is presumed to have been "aware of relevant information regarding [Appellant's] character and [to have] weighed those considerations along with mitigating statutory factors." *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citation omitted); (*see also* N.T. Guilty Plea and Sentencing, at 2). The trial court considered Appellant's extensive criminal history, which includes "just about every crime . . . in New York and everywhere else." (N.T. Guilty Plea and Sentencing, at 9). It did not find Appellant to be truthful "at all," and observed that he refused to accept responsibility for his criminal actions. (*Id.* at 10). The court also considered the guidelines and the particular circumstances of this case, including the fact that Appellant drove hours from Syracuse, New York, to Scranton, Pennsylvania, with the intent of aiding two women in the business of prostitution. (*See id.* at 3-4, 6-7, 9-10).

Therefore, we agree with counsel that Appellant's issue on appeal is frivolous. ***See Lilley***, ***supra*** at 998. Additionally, we find no other non-frivolous issues that would merit relief.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2017