J-S11041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE HASTINGS, | : | |
| | : | |
| Appellant | : | No. 753 EDA 2017 |

Appeal from the Judgment of Sentence January 26, 2017
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0004315-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE R. HASTINGS, | : | |
| | : | |
| Appellant | : | No. 754 EDA 2017 |

Appeal from the Judgment of Sentence January 26, 2017
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0008069-2007

BEFORE: OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MAY 17, 2018**

George Hastings ("Hastings") appeals from the judgments of sentence imposed following the revocation of his parole and probation at CP-23-CR-004315-2015 ("4315-2015") and CP-23-CR-0008069-2007 ("8069-2007"). Additionally, Hastings's counsel, Patrick J. Connors, Esquire ("Attorney Connors"), has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). We grant

Attorney Connors's Petition to Withdraw and affirm Hastings's judgments of

sentence.

The trial court set forth the relevant factual and procedural history as

follows:

[At 8069-2007, Hastings] was initially arrested by Officer Woolery of the Ridley Park Police Department on August 31, 2006[,] for Driving Under the Influence (hereinafter "DUI") and various other charges. While being processed at the police station, [Hastings] originally misrepresented himself to be "William" Hastings. He provided the police with a social security number that was not his. After further questioning by police [Hastings] admitted [] that he was "George" Hastings and not "William." [Hastings] was released, and a [C]riminal [C]omplaint was filed on September 5, 2006[,] charging him with DUI, 75 Pa.C.S.A. § 3802(a)(1); Careless Driving, 75 Pa.C.S.A. § 3714; Lighting Requirement, 75 Pa.C.S.[A.] § 4303(b); Fraudulent Use of Registration Plate, 75 Pa.C.S.A. § 7124; and False Identification to Law Enforcement, 18 Pa.C.S.A. § 4914(a). After several failed [attempts] to serve [Hastings] with the [C]omplaint via U.S. mail, an arrest warrant was issued. Ultimately a fugitive warrant was issued on January 23, 2007. [Hastings's] charges eventually caught up with him and he was tried by a jury and found guilty of DUI, False Identification to Law Enforcement Authorities (hereinafter "false ID"), Careless Driving, and Driving While Operating Privilege is Suspended or Revoked. He was sentenced on July 2, 2008[,] to 21 to 41 months [in prison] and 96 hours of community service on the DUI conviction, 18 months of consecutive probation on the false ID conviction, and 90 days of concurrent incarceration on the driving while operating privilege is suspended or revoked conviction.

The record reveals that [Hastings] had his first ***Gagnon II***[1] hearing [i]n this case on April 15, 2014[,] where he was found to be in violation of his probation. His probation was revoked and he was sentenced to 4 to 18 months of incarceration and a year of consecutive probation. On November 10, 2015[,] [Hastings] had another ***Gagnon II*** hearing where he was found to be in violation of his parole. His parole was revoked and he was sentenced to

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

his full back time of 561 days with immediate parole after he served 6 months, a year of consecutive probation, ordered to stay away from 805 Eddystone Avenue, and was ordered to enroll in outpatient treatment and to complete ASDS and community service.

On March 8, 2016[,] [Hastings] was released from prison. After he failed to provide the Delaware County Office of Adult Probation and Parole Services with accurate employment and residence information, a bench warrant was issued and signed by the Honorable Mary Alice Brennan on April 6, 2016. He was then arrested for public drunkenness on August 2, 2016[,] which resulted in a V.O.P. bench warrant being issued for [Hastings], which was signed by the Honorable George A. Pagano on August 10, 2016. [Hastings] was arrested on September 1, 2016. A *Gagnon II* hearing report was submitted to this court on October 25, 2016. On January 26, 2017, [Hastings] appeared before th[e trial] court for a *Gagnon II* hearing arising out of his August 2, 2016 public drunkenness arrest; his failure to pay court imposed fines, costs and restitution; and his failure to complete special conditions, including ASDS and community service. Following the recommendation of Agent Harry Bradley of Adult Probation and Parole, th[e trial] court sentenced [Hastings] to his full back time of 292 days of incarceration on his DUI conviction, and 6 to 12 months of concurrent incarceration on his false ID conviction. [Hastings] was given immediate parole. At that time he was also sentenced on a second case, [4315-2015], a case originally before the Honorable Mary Alice Brennan[,] where [Hastings] pled guilty to criminal trespass and recklessly endangering another person. The imposition of the *Gagnon II* sentence on case [4315-2015] was based on the same violations set forth above. [Hastings] was sentenced to his full back time of 333 days of incarceration with immediate parole on the criminal trespass conviction, and 1 to 2 years of concurrent incarceration on the recklessly endangering another person conviction. These sentences were ordered to run concurrently with each other. On February 22, 2017[,] the court amended its sentence on docket [8069-2007] to [reflect that Hastings owed] 204 days [of back time] instead of 292.

On February 24, 2017, [Hastings], through counsel, filed a Notice of Appeal.[fn] Th[e trial] court directed [Hastings] to file a statement of matters complained of on appeal, and in response, [Attorney Connors], counsel for [Hastings,] filed a statement of

intent to file an **Anders** brief with the Superior Court pursuant to Pa.R.A.P. 1925(c)(4).

[fn] [Hastings] has appealed from his sentence on both cases, docketed at [8069-2007] and [4315-2015]….

Trial Court Opinion, 5/23/17, at 1-3 (some footnotes omitted, footnote added).[2]

As a preliminary matter, we must determine whether Attorney Connors has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw[,] stating that after making a conscientious examination of the record[,] counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

---

[2] On April 25, 2017, this Court entered an Order granting Hastings's Application for Consolidation.

Additionally, the Pennsylvania Supreme Court has stated that a proper

*Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the *Anders* Brief and the Petition to Withdraw reveals that Attorney Connors has complied with each of the requirements of *Anders*/*Santiago*.  The record further reflects that counsel has (1) provided Hastings with a copy of both the *Anders* Brief and Petition to Withdraw, (2) sent a letter to Hastings advising him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention, and (3) attached a copy of this letter to the Petition to Withdraw, as required under *Commonwealth v. Millisock*, 873 A.2d 748, 751-52 (Pa. Super. 2005).  Accordingly, we must next examine the record and make an independent determination of whether Hastings's appeal is, in fact, wholly frivolous.

Attorney Connors has filed a brief pursuant to *Anders* that raises the following question for our review:  "Whether the aggregate term of 1 to 2 years imprisonment imposed herein is harsh and excessive under the circumstances?" *Anders* Brief at 1.  Hastings filed a *pro se* Response, arguing

that his sentence was excessive, seeking the appointment of new counsel due to ineffectiveness, and seeking the recusal of the trial court judge. *Pro Se* Response at 1-3 (unnumbered).

Hastings initially challenges the discretionary aspects of his sentence. ***Anders*** Brief at 6-8; *Pro Se* Response at 2 (unnumbered). "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).

Hastings has waived this claim due to his failure to preserve it either at the ***Gagnon II*** hearing or in a post-sentence motion. ***See Commonwealth v. Gibbs***, 981 A.2d 274, 282-83 (Pa. Super. 2009) (stating that "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Nevertheless, even if Hastings had not waived his sentencing claim on this basis, we are precluded from addressing it because it does not present a substantial question for our review. Where the appellant has preserved a sentencing challenge for appellate review, he must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. ***Commonwealth v.***

***Hill***, 66 A.3d 359, 363-64 (Pa. Super. 2013). Here, though the ***Anders*** Brief includes a Rule 2119(f) statement, Attorney Connors correctly concedes that "[a] bald assertion that a sentence is harsh and excessive does not generally raise a substantial question[.]" ***Anders*** Brief at 6-7 (quotation marks omitted) (citing ***Commonwealth v. Giordano***, 121 A.3d 998, 1008 (Pa. Super. 2015) (stating that "a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim.")); ***see also Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (stating that "[a]n appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.").

Hastings baldly asserts that his sentence "is harsh and excessive under the circumstances[,]" but presents no other support for his claim. ***Anders*** Brief at 6; ***see also*** *Pro Se* Response at 2. Thus, because we conclude that Hastings has not presented a substantial question that his sentence is inappropriate under the Sentencing Code, we are precluded from addressing his sentencing claim. ***See, e.g., Giordano***, 121 A.3d at 1008 (holding that the Court was precluded from addressing appellant's bald excessiveness challenge to his sentence where such claim did not present a substantial question).

Moreover, our independent review discloses no other sentencing claims that Hastings could raise on appeal. ***See, e.g., Commonwealth v. Bishop***, 831 A.2d 656, 661 (Pa. Super. 2003) (stating that "[appellant] has not presented a substantial question for our review. In accordance with ***Anders***, our independent examination of the record convinces us that there are no other sentencing claims, not advanced by counsel, that would raise a substantial question to permit review of [appellant's] sentence.").[3]

Further, from what we can discern from Hastings's rambling and unclear *Pro Se* Response, Hastings claims that he should be appointed new counsel due to ineffectiveness and that the trial court judge was biased. *Pro Se* Response 1-3. However, Hastings fails to cite to any case law and advances virtually no legal argument. ***See*** Pa.R.A.P. 2119(a).

---

[3] At the revocation hearing, the trial court considered Hastings's August 2, 2016 public drunkenness arrest; the fact that this was the second violation at 8069-2007 and first violation at 4315-2015; Hastings's failure to stay sober; and the fact that Hastings was taking medication for his equilibrium. N.T., 1/26/17, at 3-4, 9, 21, 22-23, 24-25, 30-31. After reviewing all of the relevant information, the trial court imposed an aggregate sentence of one to two years in prison on both cases. ***Id.*** at 32-33; ***see also id.*** at 32 (wherein the trial court granted Hastings immediate parole from the back time at both dockets). The trial court was well within its discretion in imposing such a sentence. ***See Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014) (noting that the imposition of a revocation sentence is "vested within the sound discretion of the trial court, which, absent an abuse of discretion, will not be disturbed on appeal.") (citation omitted); ***see also id.*** at 1044 (stating that "[a] trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the [] court's consideration of the facts of the crime and character of the offender.") (citation omitted).

In any event, with regard to the ineffectiveness claim, it is well-settled that ineffectiveness claims are not generally raised on direct appeal, and are to be raised on collateral review. *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). Further, when counsel withdraws pursuant to the procedural requirements of *Anders*, the appellant is not entitled to new court-appointed counsel. *See Millisock*, 873 A.2d at 752. Instead, as noted in Attorney Connors's letter to Hastings regarding his rights under *Anders*, Hastings is entitled to *hire* new counsel or proceed *pro se*.

Moreover, with regard to the trial court judge's alleged bias, we note that Hastings failed to file a motion to recuse. *See Commonwealth v. Whitmore*, 912 A.2d 827, 833 (Pa. 2006) (noting that a party seeking recusal is required to file a motion before the trial court and the court must state its reasons for granting or denying the motion); *see also Commonwealth v. Kearney*, 92 A.3d 51, 60 (Pa. Super. 2014) (stating that the "party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal[.]"). Thus, we cannot address Hastings's claim.

Hastings's claims do not entitle him to relief on direct appeal. Additionally, our review discloses no non-frivolous issues that Hastings could present on appeal. Accordingly, we grant Attorney Connors permission to withdraw pursuant to *Anders*, and affirm the judgments of sentence.

Petition to Withdraw granted; judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/18