**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Raymond BISHOP, Appellant.**

Superior Court of Pennsylvania.

Submitted March 17, 2003.
Filed Aug. 21, 2003.

---

Patrick J. Connors, Media, for appellant.

Vram Nedurian, Jr., Asst. Dist. Atty., Media and George M. Green, Asst. Dist. Atty., Media, for Com., appellee.

BEFORE: MUSMANNO, KLEIN and POPOVICH, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Raymond Bishop ("Bishop") appeals from the judgment of sentence entered following his guilty plea to theft by receiving stolen property.[1] We affirm.

¶ 2 On April 18, 2002, Bishop tendered an open guilty plea to the charge of theft by receiving stolen property. After reviewing a pre-sentence report, the trial court sentenced Bishop to a prison term of thirteen to thirty-six months. The trial court also recommended drug and alcohol treatment and a psychological examination during the prison term. Thereafter, Bishop filed the instant timely appeal. Although the trial court ordered Bishop to file a concise statement of matters complained of on appeal, his counsel filed a Statement indicating that there are no issues to raise on appeal.

¶ 3 Bishop's counsel filed with this Court both a brief on Bishop's behalf and a Petition seeking to withdraw as counsel. The brief challenges the discretionary aspects of Bishop's sentence, asserting that the sentence was excessive and harsh under the circumstances of this case. In the Petition, Bishop's counsel seeks to withdraw her representation on the grounds that she finds the issue to be without merit, and the appeal totally frivolous.

¶ 4 Before such a request can be granted, counsel must comply with the requirements of Anders v. California, 386

---

1. 18 Pa.C.S.A. § 3925.

U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). Counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention. *Commonwealth v. Ferguson,* 761 A.2d 613, 616 (Pa.Super.2000) (citations omitted). Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Hernandez,* 783 A.2d 784, 786 (Pa.Super.2001).

¶ 5 In this case, counsel has complied with the *Anders* requirements. Counsel filed a Petition to withdraw, submitted an *Anders* brief, and notified Bishop of his right to retain new counsel or proceed *pro se.* In the *Anders* brief, counsel claims that the trial court's sentence was harsh and excessive, asserting as follows:

> The Record of the Sentencing Hearing reflects that [Bishop] has never been treated in a long-term structured environment for his mental health issues. When these issues were to be addressed[,] [Bishop] was unable to attend because he was not supplied with enough transportation money to the facility. The record also reflects that [Bishop] is willing to undergo any kind of treatment that will enable him to lead a normal life.

Brief for Appellant at 8.

■ ¶ 6 The Commonwealth, however, points out that Bishop has waived any claims for appellate review by his failure to set forth in the Rule 1925(b) Statement any issues that he wished to raise on appeal.[2] In *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), our Pennsylvania Supreme Court held that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925." *Id.* at 420, 719 A.2d 306. "Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* Through his failure to file a Rule 1925(b) Statement, Bishop failed to preserve his claims for appellate review.

■ ¶ 7 However, because Bishop's counsel filed a Petition to withdraw from representation, our inquiry does not end at this juncture. Pursuant to *Anders,* this Court must review the merits of all claims set forth in an *Anders* brief in order to determine whether to grant counsel's petition to withdraw from representation, despite the fact that the issues have been waived. *Hernandez,* 783 A.2d at 787.

In *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that if a defendant is directed to file a concise statement of matters to be

---

**2.** *Pennsylvania Rule of Appellate Procedure 1925(b) provides, in relevant part, as follows:*
The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.
Pa.R.A.P. 1925(b).

raised on appeal, any issues not raised in that statement may not thereafter be raised on appeal. We have strictly adhered to the Supreme Court's pronouncement. *See Commonwealth v. Phinn,* 761 A.2d 176 (Pa.Super.2000); *Commonwealth v. Kimble,* 756 A.2d 78 (Pa.Super.2000). Nonetheless, *Anders requires* that we examine the issues to determine their merit. Therefore, in order to rule upon counsel's request to withdraw, we must examine the merits of the issue Appellant seeks to raise. *Id.* (emphasis in original).

¶ 8 This Court's pronouncement in *Hernandez* precludes defense counsel from abdicating his or her responsibilities by failing to file a Rule 1925(b) statement, and then petitioning to withdraw from representation on the basis that all claims are waived.[3] There is no effective difference between failing to file a Rule 1925(b) statement and filing a 1925(b) statement indicating that there are no issues to be raised on appeal. *See Commonwealth v. Heggins,* 809 A.2d 908, 911 n. 1 (Pa.Super.2002) (advising counsel that the practice of not filing a Rule 1925(b) statement "fails to constitute zealous advocacy and risks waiver of issues"). To hold otherwise would prevent a defendant from choosing to proceed *pro se,* as no claims would be preserved for appellate review. Such a scenario would nullify a defendant's constitutional right to direct appeal, and eliminate one of the choices available to a defendant under *Anders.* Accordingly, under *Hernandez,* we must review the merits of Bishop's claims prior to ruling on counsel's Petition to withdraw.

¶ 9 A claim that the sentence imposed by the trial court was manifestly excessive is a challenge to the discretionary aspects of the sentence. *Common-*

*wealth v. Petaccio,* 764 A.2d 582, 586 (Pa.Super.2000). The right to appeal the discretionary aspects of a sentence is not absolute. *Commonwealth v. Barzyk,* 692 A.2d 211, 216 (Pa.Super.1997). Two requirements must be met before a challenge to the discretionary aspects of a sentence will be heard on the merits. *Commonwealth v. Koren,* 435 Pa.Super. 499, 646 A.2d 1205, 1207 (1994). First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. *Id.;* Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Urrutia,* 439 Pa.Super. 227, 653 A.2d 706, 710 (1995). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. *In the Interest of M.W.,* 555 Pa. 505, 725 A.2d 729, 731 (1999). In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.*

¶ 10 Here, Bishop's brief includes a concise Statement of the reasons relied upon for allowance of appeal, as required by Pa.R.A.P. 2119(f). Accordingly, we may proceed to determine whether there is a substantial question requiring us to review the discretionary aspects of the sentence.

¶ 11 Bishop asserts that his sentence is unduly harsh and excessive because "he has never been treated in a long-term structured environment for his mental health issues." Brief for Appellant at 8. Bishop further asserts that he is will-

---

**3.** Counsel in this case has not argued that all claims are waived pursuant to *Lord.*

ing to undergo any kind of treatment that will allow him to lead a "normal life." *Id.* Bishop does not set forth how the trial court's sentence is inconsistent with a specific provision of the Sentencing Code, or in what way it is contrary to the fundamental norms that underlie the sentencing process. Moreover, we note that (a) the trial court fully considered Bishop's mental health and substance abuse issues, *see* N.T., 5/20/02, at 10–14; and (b) the trial court's sentence included a recommendation that Bishop undergo a psychological evaluation and receive drug and alcohol treatment, *see id.* at 15.

¶ 12 Based on the foregoing, we conclude that Bishop has failed to assert a violation of the Sentencing Code or a particular fundamental norm underlying the sentencing process. Accordingly, Bishop has not presented a substantial question for our review. In accordance with *Anders,* our independent examination of the record convinces us that there are no other sentencing claims, not advanced by counsel, that would raise a substantial question to permit review of Bishop's sentence. Finally, our evaluation leads us to conclude that this appeal is frivolous. For these reasons, we grant counsel's request to withdraw.

¶ 13 Judgment of sentence affirmed; Petition to withdraw granted.

¶ 14 POPOVICH, J., concurs in the result.