J-S73004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAHRELL R. SIBILLY | : | |
| | : | |
| Appellant | : | No. 663 MDA 2017 |

Appeal from the Judgment of Sentence March 21, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001860-2016

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                     **FILED JANUARY 04, 2018**

Appellant, Jahrell R. Sibilly, appeals from the judgment of sentence entered on March 21, 2017, following his open guilty plea to terroristic threats with the intent to terrorize another.[1]  We affirm.

The trial court set forth the facts of this case as follows:

> On or about August 27, 2015, [Appellant], while an inmate at the State Correctional Institution at Camp Hill, authored a letter to [J.B.],[2] the Institution's Unit Manager.  Within the letter, [Appellant] threatened [J.B.] with extreme acts of torture which included blowtorching her sexual organs, pouring boiling hot "Drano" and bleach over her body, taking a hammer to her extremities, and raping her.  He affixed his signature and inmate number to the letter.

_____

[1]  18 Pa.C.S.A. § 2706(a)(1).

[2]  We use the victim's initials to protect her identity.

_____

*   Retired Senior Judge assigned to the Superior Court.

Sometime in November of 2015, [J.B.] received another letter from [Appellant]. The letter, like the previous one, contained threats against [the victim]. This time, [Appellant] reassured her that he was going to follow through with the threats in the previous letter, and that it was meant to show her how obsessed he is with keeping his word on his threats. The letter ended with, "See you soon." Again, [Appellant] affixed his signature and inmate number, as well as his address, to the letter.

When confronted, [Appellant] admitted to authoring and sending the letters to [J.B.]. He explained that it was his intent to make [the victim] take him seriously, and that he wrote the letters out of anger and desire to scare her. He was charged with two counts of terroristic threats for the letters. He entered an open guilty plea to one count which resulted in the sentence which is the subject of this appeal. [The trial court sentenced Appellant to 9 months to five years of imprisonment on March 21, 2017].

Trial Court Opinion, 7/10/2017, at 1-2. This timely appeal resulted.[3]

On appeal, Appellant presents the following issue for our review:

Whether the trial court abused its discretion and committed reversible error when it sentenced Appellant to undergo imprisonment in a state correctional institution for not less than nine (9) months nor more than five (5) years?

Appellant's Brief at 4 (complete capitalization omitted).

In sum, Appellant contends:

---

[3]  Appellant did not file a timely post-sentence motion to modify his sentence. Instead, on April 13, 2017, Appellant filed a counseled motion to modify sentence *nunc pro tunc*. Appellant did not offer a reason for the late filing. The trial court took no express action on Appellant's request to proceed *nunc pro tunc* and, on April 20, 2017, the trial court entered an order simply denying Appellant post-sentence relief. Appellant filed a timely notice of appeal on April 20, 2017. The trial court entered an order on April 25, 2017, directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on May 12, 2017. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 10, 2017.

In the present case, Appellant submits that the trial court abused its discretion when it sentenced Appellant to a sentence of nine (9) months to five (5) years. Specifically, Appellant asserts that he has never been made eligible for parole and has only recently maxed out his original sentence of three to eight years. In addition, Appellant is currently maxing out a one to two year sentence imposed for a felony offense. Finally, because the present offense occurred while Appellant was incarcerated, the likelihood that he will be considered for parole at the expiration of his minimum term is extremely low. Accordingly, given Appellant's sentencing history, it is likely that Appellant will serve the entire five[-]year sentence imposed in this case, despite a guideline range of [restorative sanctions] to nine (9) months for a misdemeanor offense. As such, Appellant contends that the maximum sentence of five years imposed in this case was excessive and unreasonable.

In support of his argument that the five year maximum sentence was excessive, Appellant relies upon the dissenting opinion in ***Commonwealth v. Lee***, 876 A.2d 408 (Pa. Super 2005).

***Id.*** at 9.

Appellant's claim presents a challenge to the discretionary aspects of sentencing. "When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal." ***Commonwealth v. Heaster***, 171 A.3d 268, (Pa. Super. 2017) (internal citation omitted). Prior to reaching the merits of a discretionary sentencing issue,

this Court conducts a four-part analysis to determine: (1) whether Appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether Appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that

the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 271–272 (internal citations and brackets omitted).

Initially, we note that Appellant did not file a timely post-sentence motion within 10 days as required under Pa.R.Crim.P. 720. It is well-settled that:

> To be entitled to file a post-sentence motion *nunc pro tunc,* a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing....When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc.* If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc,* the court must do so expressly [within thirty days after the imposition of the sentence].

*Commonwealth v. Batty*, 169 A.3d 70, 72 n.4 (Pa. Super. 2017). "The trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015).

Here, upon review of Appellant's untimely post-sentence motion, Appellant acknowledged that it was filed outside of the 10-day provision of Rule 720, but did not offer a reason for the late filing. Moreover, despite Appellant's request for *nunc pro tunc* relief, the trial court did not expressly grant *nunc pro tunc* relief. Instead, it merely denied Appellant's requested relief, *i.e.*, the modification of his sentence. Thus, Appellant's discretionary sentencing challenge is subject to dismissal because he failed to properly

preserve his sentencing claim before the trial court in a timely post-sentence motion or a post-sentence motion filed *nunc pro tunc* with express leave of the trial court.

In addition, we note that Appellant did not set forth separate sections in his appellate brief pursuant to Pa.R.A.P. 2119(a) and (f). Appellant was required to set forth a concise statement of the reasons relied upon for allowance of appeal with regard to the discretionary aspects of sentencing as required under Pa.R.A.P. 2119(f), as well as a separate argument section as required pursuant to Pa.R.A.P. 2119(a). Upon review, Appellant combined both briefing requirements into a single section in his appellate brief. **See** Appellant's Brief at 8-10. However, the Commonwealth has not objected, we are able to discern Appellant's claim, and we decline to find waiver based upon non-compliance with Pa.R.A.P. 2119(f). **See Commonwealth v. Brougher**, 978 A.2d 373, 375 (Pa. Super. 2009) (claims relating to the discretionary aspects of a sentence are waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the opposing party objects to the statement's absence; where the appellant has failed to comply with the requirement of 2119(f) but the Commonwealth did not object to the statement's absence, we will not find appellant's claims waived).

Nevertheless, Appellant has failed to raise a substantial question to implicate our review. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. **Commonwealth v. Bishop**, 831 A.2d 656, 660 (Pa. Super. 2003).

"In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Id.* "Bald allegations of excessiveness, unaccompanied by a plausible argument that the sentence imposed violated a provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme, are insufficient to raise a substantial question." *Commonwealth v. Lee*, 876 A.2d 408, 412 (Pa. Super. 2005).

In *Lee*, the appellant advanced a similar claim as in the case *sub judice*.[4] Lee argued "that his sentence [was] excessive because of his expectation that he [would] not be paroled by the Pennsylvania Board of Probation and Parole ("PBPP") at expiration of his minimum sentence." *Commonwealth v. Lee*, 876 A.2d 408, 412 (Pa. Super. 2005) (record citation omitted). Lee did not dispute the minimum sentence imposed and conceded that his sentence fell within the sentencing guidelines. *Id.* Ultimately, in *Lee*, we determined that minimum sentences, over an aggregated term of two years, are subject to the exclusive authority of the PBPP in granting parole. *Id.*, *citing* 61 P.S. § 311.17. "Inasmuch as the

---

[4] Appellant currently relies upon the dissenting opinion in *Lee*. *See* Appellant's Brief at 9-10. However, we are not bound by dissenting opinions. *See Commonwealth v. Thompson*, 985 A.2d 928, 942 (Pa. 2009)("Of course, persuasive as they are, neither the dissent of the Chief Justice nor the dissent by Mr. Justice Eakin is binding precedent....").

- 6 -

decision to grant parole rests exclusively with the PBPP, the issue of parole is not a fundamental norm underlying the sentencing process." **Id.** Thus, we determined that Lee failed to raise a substantial question for our review.

Here, there is no dispute that Appellant's sentence fell within the sentencing guidelines. Moreover, Appellant does not challenge the minimum sentence imposed and, instead, argues only that it is unlikely that he will be paroled upon the expiration of his minimum sentence. As such, Appellant does not contend that his sentence violated the sentencing code. Moreover, the decision to grant parole does not implicate a fundamental norm underlying the sentencing scheme. Accordingly, we conclude that, in this case, Appellant has failed to raise a substantial question and we decline to address the merits of Appellant's sentencing claim.

Even if he were to find that Appellant's claim raised a substantial question, we would affirm the trial court's decision. "Sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." **Lee**, 876 A.2d at 413 (internal citation omitted). "Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will." **Id.** (citation omitted; brackets in original).

A standard range sentence for terroristic threats, with Appellant's prior record score of two, is restorative sanctions to nine months' imprisonment.

42 Pa.C.S.A. § 9721. The offense was graded as a first-degree misdemeanor, carrying a statutory maximum of five years of imprisonment. 18 Pa.C.S.A. § 1104. The trial court considered these guidelines prior to imposing Appellant's sentence. Additionally, the trial court had the benefit of a pre-sentence investigation report and victim impact statements prior to imposing Appellant's sentence. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (stating that where a sentencing court is informed by a pre-sentence investigation report, it is "presumed that the court is aware of all appropriate sentencing factors," which includes the applicable sentencing guidelines). Thus, we presume the trial court was aware of all of the relevant factors prior to imposing Appellant's sentence.

A trial court is also required to state, on the record, its reasons for the imposition of a sentence that considers "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

When imposing Appellant's sentence, the trial court stated that it "appreciate[d] the changes [Appellant] made in [his] life since [the incidents at issue] occurred, but the offense is a very serious offense, and it caused great hardship on the victim in this case." N.T. Sentencing, 3/21/2017, at 5. Likewise, in its Rule 1925(a) opinion, the trial court opined that Appellant's sentence was "based upon the serious nature of the offense as well as the

devastating impact it had upon his victim, as described in her own words." Trial Court Opinion, 7/10/2017, at 2.

In reviewing the record on appeal, we are obligated to examine:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). An "appellate court shall vacate [a] sentence and remand the case to the sentencing court with instructions if it finds […] the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2).

Upon review, we discern no abuse of discretion in sentencing Appellant. Appellant, on the verge of being released from prison, sent intimidating letters to a prison staff member, threatening her with extreme violence upon his release. The trial court recognized the seriousness of the offense and the effect on the victim. It also implicitly determined that rehabilitation efforts had been fruitless, because Appellant committed an additional, serious crime from prison. Thus, the trial court stated its reasons for Appellant's sentence and we discern no abuse of discretion. Hence, we conclude that Appellant's sentence falls within the sentencing guidelines and

the statutory maximum and is not manifestly excessive or clearly unreasonable.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/4/2018</u>