J-S64036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KESELY ARNESS EPPS, | : | |
| | : | |
| Appellant. | : | No. 112 EDA 2018 |

Appeal from the Judgment of Sentence, November 14, 2017,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0000350-2017.

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JANUARY 15, 2019**

Kesely Epps appeals from the judgment of sentence entered after a jury found him guilty of two counts of recklessly endangering another person, simple assault, and resisting arrest.[1]  After careful review, we affirm.

The trial court summarized the relevant factual and procedural history as follows:

> This case involves a vicious assault by [Epps] with a hammer upon an elderly SEPTA bus driver while he was on duty.  The assault lasted for several minutes and began while the bus was in motion.  [Epps] then got into a physical altercation with responding police officers.  The facts of the case are not at issue.  The entire incident was video recorded by the internal video recorders located on the bus. [Epps] was arrested at the scene and charged on multiple counts with Robbery, Aggravated Assault, Simple Assault, Recklessly Endangering Another Person and Resisting Arrest.  After a jury trial at which [Epps] was very ably

_____

[1] 18 Pa.C.S.A. §§ 2705, 2701, and 5104.

represented, he was found not guilty of Robbery and Aggravated Assault, and found guilty of Simple Assault, two counts of Recklessly Endangering Another Person and Resisting Arrest.

On November 14, 2017, [Epps] was sentenced. He received the following standard range sentences; on the first count of Recklessly Endangering Another Person conviction, a minimum of 12 months to a maximum of 24 months; on the Resisting Arrest conviction, a minimum of 6 months to a maximum of 24 months; on the Simple Assault conviction a minimum of 12 months to a maximum of 24 months; and on the second count of Recklessly Endangering Another person conviction, a minimum of 12 months to a maximum of 24 months. All sentences were consecutive. The aggregate sentence is 3 ½ to 8 years to be served in a State Correctional Institute.

Trial Court Opinion, 4/2/18, at 1-2.

Epps filed a timely motion for reconsideration of his sentencing that was denied by the trial court the next day. This timely appeal follows.[2] Both Epps and the trial court have complied with Pa.R.A.P. 1925.

Epps raises a single issue on appeal:

1. Did the trial court commit reversible error because it denied Epps' motion for reconsideration of his sentence?

*See* Epps' Brief at 5.

Epps argues that the trial court imposed manifestly excessive sentences which were consecutive in nature, and, as such, were disproportionate to his

_____

[2] Epps filed his notice of appeal with Delaware County on December 18, 2017. Although this is more than 30 days from the date of sentencing, we note that the notice is dated December 13, 2017, and Epps has the benefit of the "prisoner mailbox rule," which allows a *pro se* document to be deemed filed on the date it is placed in the hands of prison authorities for mailing. ***Commonwealth v. Crawford***, 17 A.3d 34, 38 (Pa. Super. 2011).

second degree misdemeanors. A claim that a sentence is unduly harsh and excessive constitutes a challenge to the discretionary aspects of the sentence. ***Commonwealth v. Bishop***, 831 A.2d 656, 658 (Pa. Super. 2003). However, "there is no absolute right to appeal when challenging the discretionary aspect of sentence." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010); 42 Pa.C.S.A. § 9781(b). Before ruling on the merits of Epps' claim, we must first discern if a substantial question exists as to whether the sentence imposed is inappropriate under the sentencing code. ***See Crump, supra*** at 1282.

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Naranjo***, 53 A.3d 66, 72 (Pa. Super. 2012). A trial court may impose consecutive or concurrent sentences at its discretion and, ordinarily, challenges to the exercise of this discretion does not raise a substantial question. ***Commonwealth v. Simpson***, 829 A.2d 162, 171-72 (Pa. Super. 2010).

Where, as here, the sentences are within the applicable guideline ranges, the sentencing judge's decision to impose consecutive sentences standing alone does not raise a substantial question. As this Court explained in ***Commonwealth v. Dodge***, 77 A.3d 1263 (Pa. Super. 2013):

> . . .a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of

> the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. ***See Commonwealth v. Moury***, 992 A.2d 162, 171–172 (Pa. Super 2010) [holding that] "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.").

***Id***. at 1270 (emphasis in original).

Here, the consecutive imposition of Epps' sentences, which established an aggregate of 3 ½ years to 8 years incarceration, did not result in a clearly unreasonable or excessive sentence. As such, Epps presents a bald claim of excessiveness because of the consecutive nature of his sentences, which does not raise a substantial question. Even if Epps had raised a substantial question, he would have failed on the merits. Epps argues that the court sentenced him as if he were a violent felon which was contrary to the crimes the jury convicted him of, making the sentence manifestly unreasonable. Epps' Brief at 11.

Our standard of review regarding discretionary-aspects-of-sentence claims is well settled. "An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment." ***Commonwealth v. White***, 193 A.3d 977, 984 (Pa. Super. 2018). In constructing a sentence, a court must "consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted).

- 4 -

The sentencing court reasoned:

> Here, [Epps] acknowledges his sentence was legal and within the standard range under the sentencing guidelines. [Epps'] only objection is that his sentences are being imposed consecutively. [Epps] claims he is in actuality being sentenced for Robbery and Aggravated Assault, crimes he was acquitted of.
>
> It is true at sentencing this court made [Epps] aware that in its opinion the incident was a vicious assault. That [Epps] could have easily ended the incident by getting off the bus. That in continuing the assault, [Epps] showed great indifference to the lives of the bus driver, the passenger on the bus, the responding police officers, and passing motorists and pedestrians. And, that had this court sat as fact finder, the verdict may have been different. The court also made it clear to [Epps] that he was only being sentenced for the crimes he was convicted of. The court then sentenced [Epps] in accordance with the guidelines on only those crimes he was convicted of.

Trial Court Opinion, 4/2/2017, at 5.

We agree with the trial court, and discern no abuse of discretion in the sentence. The trial court made clear in its analysis that it crafted Epps' sentence based on both the jury's verdict and the specific facts of his case which were particularly violent and aggressive.

As such, the trial court did not commit reversible error when it denied Epps' motion for reconsideration of his sentence because Epps failed to raise a substantial question, and the sentence imposed was legal and not excessive or unduly harsh. We therefore affirm Epps' judgment of sentence.

Judgment of sentence affirmed.

Judge Bowes joins this Memorandum.

Judge Olson concurs in the result result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/15/19