J-S07007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ISRAEL ZEBULUN BERRIOS :
:
Appellant : No. 1532 EDA 2022

Appeal from the Judgment of Sentence Entered December 20, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000038-2018

BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 24, 2023**

Appellant, Israel Zebulun Berrios, appeals from the December 20, 2021 judgment of sentence entered in the Monroe County Court of Common Pleas following his guilty plea to Second-Degree Murder. Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On December 11, 2017, then-17-year-old Appellant and two accomplices, Salvador Roberts and Carolina Carmona,[1] agreed to rob a Domino's Pizza deliveryman. During the commission of the robbery, Appellant shot and killed the victim. The next day, during an interview by Pennsylvania State Police detectives, Appellant admitted to these crimes. The Commonwealth subsequently charged

_____

[1] Carmona was Appellant's then-girlfriend and Roberts is Carmona's brother. Both Carmona and Roberts were adults at the time of this crime.

Appellant with numerous crimes, including Murder and Robbery, arising from this event.

While Appellant was in jail pending disposition of these charges, the Commonwealth also charged Appellant with five additional felonies (the "Prior Felonies"), all of which Appellant committed over a period of three months immediately prior to the crimes charged at the instant docket number.[2]

On October 8, 2021, Appellant pleaded guilty to Second-Degree Murder. Appellant also pleaded guilty to the Prior Felonies.[3] The court deferred sentencing pending preparation of a pre-sentence investigation ("PSI") report.

On December 20, 2021, the trial court held a joint hearing to sentence Appellant, Roberts, and Carmona. With respect to Appellant, the trial court meticulously explained the factors it considered in determining his sentence, including Appellant's "youth and age,"[4] Appellant's guilty plea, the facts of this crime, his extensive prior criminal history and the record and files pertaining to that history, and the PSI report. N.T. Sentencing Hr'g, 12/20/21, at 74-84. The court emphasized that it considered the expert reports prepared for

_____

[2] These crimes included three robberies, an aggravated assault committed with Carmona, and a burglary committed with Roberts. Appellant committed the Prior Felonies and the instant robbery-homicide shortly after he was released from a secure state-run juvenile facility in which he had been placed after admitting to an unrelated robbery.

[3] The court sentenced Appellant to an aggregate term of 10½ to 22 years of incarceration for the Prior Felony convictions.

[4] With respect to "youth and age" considerations, the trial court made specific reference to 18 Pa.C.S. § 1102.1 and relevant case law pertaining to sentences for murders committed by offenders under the age of 18.

the Commonwealth and Appellant,[5] which the court summarized as indicating that Appellant "had some hard knocks early on in life" and "had some issues that really did need and still do need to be addressed." *Id.* at 85-86. The court noted, however, that prior "attempts at rehabilitation through delinquency and other school and home were unsuccessful." *Id.* at 91. The court further considered, on the record, the impact of the offense on the victim and his family, the impact on the community, the threat posed by Appellant to public safety, the degree of Appellant's culpability, Appellant's "age-related characteristics,"[6] the level of planning involved in this crime, and that the murder was unnecessary to effectuate the robbery. *Id.* at 87-92.

Thus, after considering the PSI report, counsels' arguments, and testimony from Appellant, his grandmother, and numerous members of the victim's family, and each of the factors listed above, the court sentenced Appellant to a term of incarceration of 50 years to life[7] to run consecutively to the sentences imposed for his convictions of the Prior Felonies.[8]

---

[5] Reports prepared by experts for the Commonwealth and Appellant were appended to the PSI report. Appellant retained an expert to explore the possibility of requesting that the court decertify this case to juvenile court and to determine the existence of potential mental health and other mitigating factors for consideration at sentencing, and the report referenced those mitigating factors.

[6] The court noted that the age-related factors it considered include Appellant's chronological age, maturity, mental capacity.

[7] This sentence is within the standard range of the sentencing guidelines.

[8] The court imposed a total aggregate sentence of 60½ years to life in prison.

On December 29, 2021, Appellant filed a post-sentence motion in which he asserted that the sentencing court erred by ordering his sentences to run consecutively. He also averred that, in ordering his sentences to run consecutively, the court imposed an illegal *de facto* life sentence in violation of "***Miller v. Alabama***[, 567 U.S. 460 (2012),] and all subsequent related cases."[9] Post-Sentence Motion, 12/29/2021, at 1 (unpaginated).

Following extensive supplemental briefing and a hearing, on May 17, 2022, the trial court denied Appellant's post-sentence motion.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Did the trial court abuse its discretion in sentencing [Appellant] to a total aggregate of 60.5 years reflecting a lack of consideration of required factors including Appellant's youth, history, and rehabilitative needs and err by not considering mandatory socio-scientific factors?

2. Considering all the factors discussed, should the sentence in this case have been run concurrently to the sentence in the present case in order to allow the juvenile a chance at rehabilitation within his natural life?

_____

[9] As Appellant acknowledges in his Brief to this Court, recent changes in our jurisprudence have rendered his legality of sentence claim moot. ***See*** Appellant's Brief at 4 (where Appellant concedes that "the decisions in [***Commonwealth v.***] ***Felder***[, 269 A.3d 1232 (Pa. 2022)] and ***Jones*** [***v. Mississippi***, 141 S. Ct. 1307 (2021),] have largely rendered these discussions moot.") In particular, our Supreme Court explained in ***Felder*** that as long as a juvenile defendant's "sentence was the product of a discretionary sentencing system that included consideration of the juvenile's youth" his *de facto* life sentence does not violate the U.S. Constitution. ***Felder***, 269 A.3d at 1246.

Appellant's Brief at 4.

Appellant's issues challenge the discretionary aspects of his sentence. An appellant raising such a challenge is not entitled to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18-19 (Pa. 1987); *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014).

In order to obtain this Court's review, an appellant challenging the discretionary aspects of his sentence must comply with the following requirements: (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (3) include within his brief a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) raise a substantial question that the sentence is inappropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013).

To preserve a challenge to the discretionary aspects of his sentence, an Appellant must preserve the particular legal theory that he asserts on appeal either at sentencing or in a post-sentence motion, so that the sentencing court has "the opportunity to reconsider the imposition of the sentence[.]" *Commonwealth v. Tejada*, 107 A.3d 788, 798 (Pa. Super. 2015); *see also* Pa.R.Crim.P. 720(B)(1)(a) (requiring that post-sentence motions state claims for relief "with specificity and particularity"). Thus, an appellant who challenges the discretionary aspects of his sentence in a post-sentence motion

may only argue on appeal the specific arguments he included in his post-sentence motion. ***See***, ***e.g.***, ***Commonwealth v. Rivera***, 238 A.3d 482, 499 (Pa. Super. 2020) (finding Appellant waived discretionary aspects of sentence claim because, "while he filed a post-sentence motion raising a discretionary[] claim, that claim differ[ed] from the claim he present[ed] on appeal").

Here, Appellant filed a timely notice of appeal and has included a Rule 2119(f) Statement in his appellate brief. With respect to his first issue—that the court failed to weigh in Appellant's favor alleged "mitigating factors"[10]—our review reveals that Appellant failed to preserve this issue with specificity in his post-sentence motion. We, thus, find this issue waived.[11]

Appellant did, however, preserve his claim that the court abused its discretion in ordering his sentences to run consecutively. Having found that Appellant preserved this issue, we consider whether he has raised a substantial question.

The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. ***Commonwealth v. Bishop***, 831 A.2d 656, 660 (Pa. Super. 2003). "In order to establish a

---

[10] ***See*** Appellant's Brief at 19-20 (where Appellant acknowledges that the trial court discussed "the factors necessary under the act" but asserts that the court failed to recognize that any of the factors were mitigating).

[11] Even if Appellant had not waived it, we would conclude that this claim does not raise a substantial question for our review. ***See Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010) ("This Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." (citation omitted).

substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Id.* Generally, a challenge to the imposition of consecutive sentences does not raise a substantial question. *Commonwealth v. Radecki*, 180 A.3d 441, 468-69 (Pa. Super. 2018).

In addition, it is well-settled that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010).

Appellant argues that, in sentencing him to "top-end standard range sentences consecutive to one another resulting in a minimum aggregate sentence of 60.5 years[] to life," the court deprived him of the "opportunity for rehabilitation, reflection[,] or correction." Appellant's Brief at 22. Appellant asserts that the court should have run his sentences concurrently "to at least give [Appellant] the opportunity to mature and rehabilitate and someday be eligible for parole." *Id.* Appellant has not, however, informed this Court how his aggregate sentence, which he concedes is comprised of individual sentences falling within the standard range of the sentencing guidelines, is inconsistent with the sentencing code or contrary to the fundamental norms underlying the sentencing process. Accordingly, this argument fails to raise a substantial question.

Because Appellant has failed to present a substantial question, this Court has no jurisdiction to review Appellant's challenge to the discretionary aspects of his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2023