J-A19043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANTHONY LEE BECKEM JR. | : | |
| Appellant | : | No. 1480 MDA 2023 |

Appeal from the Judgment of Sentence Entered July 31, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0003013-2021

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED: OCTOBER 21, 2024**

Appellant, Anthony Lee Beckem Jr., appeals from the judgment of sentence entered in the Court of Common Pleas of Cumberland County on July 31, 2023. After a careful review, we affirm.

The relevant facts and procedural history are as follows: As the result of alleged incidents of sexual abuse involving three of his adopted children, A.B., R.B., and J.B., Appellant was charged with various crimes relating to sexual abuse involving minors on October 22, 2021. A preliminary hearing was held on December 2, 2021, where the three minor victims testified.

Prior to trial, the Commonwealth learned that J.B. was a missing person. On January 27, 2023, the Commonwealth filed a motion to declare J.B.

---

[*] Former Justice specially assigned to the Superior Court.

unavailable as a trial witness and to request the admission of J.B.'s preliminary hearing testimony into evidence at trial. *See* Commonwealth's Motion, 1/27/23. A hearing on this motion was held by the trial court immediately before the start of Appellant's trial on January 30, 2023. At this hearing, the Commonwealth presented the testimony of Chief Jonathan Mays of the Criminal Investigative Division of the Cumberland County District Attorney's Office as to his efforts to locate the witness, and of Jennifer Boyle of Cumberland County's Victim Services as to her involvement in the subpoena process with respect to J.B.

> Chief Mays testified that he had been contacted about a week before the trial by the prosecutor, was advised that the family of the child in question did not know where he had gone, and was asked to try to locate him. His investigation disclosed that the child's mother had reported him missing to police in their York County municipality, that he had been entered into the NCIC database for missing persons with descriptive information on December 31, 2022, that he (Chief Mays) had first communicated by text with the child's mother concerning the child's disappearance about five days prior to the trial, that she advised him that she had been the person who reported the child missing from the home, that she said she thought the impending trial might have triggered his elopement, and that she said she had heard that he might be sleeping in a laundromat in Dauphin County.

> Contact with the police department of the municipality in York County where the family lived confirmed that it had been the recipient of the missing person report, but the only information it could provide was that the child might be in Dauphin County, according to his testimony.

> His investigation of laundromats in Harrisburg, Dauphin County, failed to disclose any that were open all night[;] an inquiry with the Criminal Investigation Division of the Dauphin County District Attorney's Office revealed that it had had no contact with

the child for over a year, and a lack of specifics as to an allegedly stolen communication device that the child was said to possess rendered its use for tracking purposes unfeasible, according to his testimony.

Jennifer Boyle of Cumberland County's Victim Services testified that her office had been in contact regularly by text with the alleged victims' mother about the imminency of the trial for at least a month, that "the whole family knew [about it]," that she became aware that an issue had arisen as to the location of the child in question about fourteen days prior to the commencement of the trial, and that she had emailed a subpoena directed to the child that had been provided by the prosecution for his appearance to his mother five days prior to the trial. A copy of the subpoena revealed that it was addressed to the child and directed him to be available for the entire trial week.

Tr. Ct. Op. at 5-6 (citing N.T., 1/30/23, at 3, 30-48) (footnotes omitted).

At the conclusion of the hearing, in determining that J.B. was unavailable for trial, the trial court granted the Commonwealth's motion in part and denied it in part. The Commonwealth was allowed to present J.B.'s testimony about events that occurred between Appellant and J.B., but not J.B.'s testimony about alleged sexual contact that occurred between Appellant and A.B. N.T., 1/30/23, at 69-70.

At trial, A.B. and R.B. testified. According to A.B., Appellant began touching her sexually at the age of nine when Appellant would force her to perform oral sex on his penis. N.T., 1/30/23, at 97. Appellant began vaginally penetrating A.B. with his penis when she was eleven years old. N.T., 1/30/23, at 96-103. According to R.B.'s testimony, when she was ten or eleven years old, Appellant touched her "lower front area" which she described as her "private part." N.T., 1/30/23, at 140-41.

- 3 -

The Commonwealth also played portions of J.B.'s preliminary hearing testimony. N.T., 1/30/23, at 136. According to J.B., at the age of ten or eleven, Appellant made J.B. rub Appellant's penis and butt. N.T., 12/2/21, at 28. On one occasion, Appellant placed his hands between J.B.'s "butt cheeks." N.T., 12/2/21, at 29-30. When J.B. was eleven, Appellant tried to force his penis into J.B.'s mouth. N.T., 12/2/21, at 30-31.

At the conclusion of trial, the jury convicted Appellant of twenty out of the twenty-one charges against him including, *inter alia*, Rape by Forcible Compulsion or by Threat of Forcible Compulsion; Rape of a Child; Involuntary Deviate Sexual Intercourse by Forcible Compulsion or by Threat of Forcible Compulsion; Involuntary Deviate Sexual Intercourse with a Child Less than 16; Criminal Attempt to Involuntary Deviate Sexual Intercourse-Forcible Compulsion; Criminal Solicitation to Involuntary Deviate Sexual Intercourse-Forcible Compulsion; Strangulation; one count of Aggravated Indecent Assault-Lack of Consent; Incest of a Minor; three counts of Corruption of Minor; two counts of Indecent Assault-Forcible Compulsion; three counts of Endangering Welfare of a Child; two counts of Simple Assault-Bodily Injury Caused; and Indecent Assault-Lack of Consent.[1]

---

[1] **See** 18 Pa.C.S. § 3121(a)(1)-(2); 18 Pa.C.S. § 3121(c); 18 Pa.C.S. § 3123(a) (1)-(2); 18 Pa.C.S. § 3123(a)(7); 18 Pa.C.S. § 901(a) to 18 Pa.C.S. § 3123(a)(1); 18 Pa.C.S. § 902(a) to 18 Pa.C.S. § 3123(a) (1); 18 Pa.C.S. § 2718(a)(1); 18 Pa.C.S. § 3125(a)(1); 18 Pa. CS. § 4302(b); 18 Pa.C.S. § 6301(a)(1); 18 Pa.C.S. § 3126(a)(2); 18 Pa.C.S. § 4304(a)(1); 18 Pa.C.S. § 2701(a)(1); and 18 Pa.C.S. § 3126(a)(1).

On July 31, 2023, Appellant was sentenced to an aggregate of twenty-four and a half (24.5) to fifty-one (51) years' incarceration followed by three years' probation. On August 9, 2023, Appellant filed a post-sentence motion which was denied by order dated September 28, 2023. Appellant filed a notice of appeal on October 23, 2023, and filed a concise statement pursuant to Pa.R.A.P. 1925(b) on November 27, 2023. The trial court issued its Rule 1925(a) opinion on December 19, 2023. This appeal follows.

Appellant raises two questions for our review:

I. WHETHER THE TRIAL COURT ERRED IN ADMITTING THE PRELIMINARY HEARING TESTIMONY OF VICTIM "J.B." WHEN J.B. WAS NOT AVAILABLE TO BE CROSS EXAMINED AND THE COMMONWEALTH MADE VERY LITTLE EFFORT TO SECURE HIS TESTIMONY AT TRIAL?

II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO TWO CONSECUTIVE TWENTY-FOUR AND ONE HALF (24.5) TO FIFTY-ONE (51) YEAR TERMS OF INCARCERATION WHERE THE SENTENCE WAS EXCESSIVE AND UNREASONABLE AND IMPOSED A NO-CONTACT WITH MINORS PROVISION ON A STATE SENTENCE?

Appellant's Br. at 11.

Appellant's first issue challenges the introduction at trial of preliminary hearing testimony of one of the victims, J.B. Appellant's Br. at 21. Specifically, Appellant argues that the attempts to secure J.B.'s attendance for trial was "minimal." Appellant's Br. at 22. Appellant further argues that he did not have a "fair" opportunity to cross-examine J.B. when his counsel did not thoroughly

cross-examine J.B. at the preliminary hearing about an inconsistent statement[2] made by J.B. in a previous interview. Appellant's Br. at 24-24.

"The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." **Commonwealth v. Le**, 208 A.3d 960, 970 (Pa. 2019). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused." **Commonwealth v. Walker**, 92 A.3d 766, 772-73 (Pa. 2014) (internal quotation marks and citations omitted).

Preliminary hearing testimony may be admitted at trial pursuant to Pa.R.E. 804(b)(1). Rule 804(b)(1) permits such testimony "when the witness is unavailable, the defendant had counsel, and the defendant had a full and fair opportunity for cross-examination at the preliminary hearing." **Commonwealth v. Rizzo**, 726 A.2d 378, 380 n.2 (Pa. 1999); Pa.R.E. 804(b)(1). Rule 804 provides that a declarant is considered to be unavailable as a witness "if the declarant is absent from the trial or hearing and the

---

[2] The alleged inconsistency was that J.B. indicated during his interview with the child advocacy center that Appellant had digitally penetrated J.B.'s anus. This statement was included on the affidavit of probable cause. But during defense counsel's cross-examination of J.B. at the preliminary hearing, he stated that he did not remember whether Appellant penetrated his anus. N.T., 12/2/21, at 37.

statement's proponent has not been able, by process or other reasonable means, to procure" the declarant's attendance. Pa.R.E. 804(a)(5).

When the Commonwealth seeks to admit prior recorded testimony under Rule 804(b)(1), it must show that it made a "good faith" effort to locate the witness. *Commonwealth v. Jackson*, 344 A.2d 842, 844 (Pa. 1975). "The length to which the prosecution must go to produce the testimony is a question of reasonableness." *Commonwealth v. Melson*, 637 A.2d 633, 638 (Pa. Super. 1994). "It is within the discretion of the trial court to determine what constitutes a good faith effort to locate a missing witness, and the decision of the court will not be overturned absent an abuse of discretion." *Commonwealth v. Lebo*, 795 A.2d 987, 990 (Pa. Super. 2002) (citations omitted).

Here, the trial court did not abuse its discretion in determining that J.B. was unavailable and his attendance could not be procured despite a good faith effort. As detailed above, the efforts undertaken by the Commonwealth included contacting J.B.'s mother by text and email, remaining in contact with his family, sending a subpoena for his appearance at trial, contacting the police department that received J.B.'s missing person report, researching laundromats where J.B. may have been sleeping, and contacting Dauphin County Criminal Investigation Division. We agree with the trial court that "the measures undertaken by the Commonwealth to locate the witness prior to trial

were sufficiently intensive to deem them a reasonable effort." Tr. Ct. Op. at 22.

We also find that Appellant had a full and fair opportunity to cross-examine J.B. First, we emphasize that the trial court limited which portions of J.B.'s preliminary hearing testimony were admitted at trial; the Commonwealth was allowed to present J.B.'s testimony about events that occurred between Appellant and himself, but not J.B.'s testimony about alleged sexual contact that occurred between Appellant and the other victims. N.T., 1/30/23, at 69-70.

Second, Appellant's counsel effectively cross-examined J.B. at the preliminary hearing about the number of sexual encounters he had with Appellant, his age at the time of the encounters, details about the sexual activity, and when J.B. reported the encounters. Appellant submits that there is no full and fair opportunity for cross-examination in cases where the Commonwealth fails to disclose prior statements to the defense, Appellant's Br. at 24, but does not allege that that is what happened here. An alleged inconsistent statement made by J.B. in his victim interview was included in the affidavit of probable cause. That was made available to the defense before the preliminary hearing, and defense counsel was afforded the opportunity to cross-examine J.B. on any inconsistency.

Since J.B. was unavailable and could not be located with reasonable efforts, and since defense counsel had the opportunity for a full and fair cross-

examination of J.B., the trial court did not abuse its discretion in admitting J.B.'s preliminary hearing testimony.

Appellant's second issue challenges the discretionary aspects of sentencing.

> The right to appeal the discretionary aspects of the sentence is not absolute. Two requirements must be met before a challenge to the discretionary aspects of a sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa. Super. 2003) (internal citations omitted).

Appellant has complied with Pa.R.A.P. 2119(f) by including a concise statement of the reasons relied upon for allowance of appeal. In his 2119(f) statement, Appellant states that he "challenges his sentence as excessive within the meaning of the law with respect to punishment and rehabilitation and violative of the Pennsylvania Board of Probation and Parole which has the exclusive authority to determine the conditions of a defendant's state parole." Appellant's Br. at 19.

Next, we must determine whether Appellant's arguments raise a substantial question. **Bishop, supra**. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Edwards**, 71 A.3d 323, 330 (Pa. Super. 2013) (citation omitted). A bald allegation of excessiveness will not suffice. **Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2001).

In the instant matter, Appellant claims that his sentence is excessive and unreasonable because of the consecutive nature of his terms and because he was ordered not to have contact with minors. Appellant's Br. at 26. He acknowledges that his sentence is within the standard range of the sentencing guidelines and does not articulate any violation of the sentencing code or argue that his sentence is contrary to the fundamental norms underlying the sentencing scheme, as he acknowledges he must do in order to raise a substantial question. Appellant's Br. at 27, 26. He baldly asserts that his sentence "is not consistent with his rehabilitative needs and the gravity of the offense in light of the fact nobody outside his household was injured during the offenses," and that "the court failed to take into consideration the nature and circumstances of the offense and the history and characteristics of the defendant." Appellant's Br. at 27. Finally, Appellant argues that the provision ordering him to have no contact with minors during the duration of his

sentence is illegal because it is exclusively the authority of the Pennsylvania Board of Probation and Parole to determine such conditions.

Appellant has failed to raise a substantial question. First, we point out that Appellant does not allege that the trial court was unaware of his background, history, characteristics or rehabilitative needs, nor does Appellant contend that the sentencing court relied on inadequate or incorrect information regarding the gravity of the offense. Indeed, the trial court in this matter considered a pre-sentence report; therefore, it is presumed that the court adequately considered relevant mitigating and aggravating factors. ***Commonwealth v. Fowler***, 893 A.2d 758, 766 (Pa. Super. 2006).

Second, the trial court has discretion to order any reasonable conditions that are "devised to serve rehabilitative goals, such as recognition of wrongdoing, deterrence of future criminal conduct, and encouragement of future law-abiding conduct." ***Commonwealth v. Hall***, 80 A.3d 1204, 1209 (Pa. 2013). Section 9763(b)(15) of the Sentencing Code specifically provides that the court may attach conditions of probation reasonably related to rehabilitation. 42 Pa.C.S. § 9763(b)(15). Appellant fails to set forth an argument that the condition is not devised to serve his rehabilitative goals, and instead baldly and incorrectly asserts that the trial court had no jurisdiction to order it.

Because Appellant failed to raise a substantial question, his challenge to the discretionary aspects of his sentence fails. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/21/2024