J-S21020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ALAN HORNICK | : | |
| | : | |
| Appellant | : | No. 1207 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 12, 2021,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s):  CP-40-CR-0002696-2020.

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED AUGUST 22, 2022**

Michael Alan Hornick appeals from his judgment of sentence imposed after he pleaded guilty to rape of a child.[1]  In addition, Hornick's appellate counsel has filed a petition to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition and affirm the judgment of sentence.

The trial court summarized the facts and procedural history of this matter as follows:

> On or about August 26, 2020, the criminal complaint was filed alleging several violations of the Pennsylvania Crimes Code.  Thereafter, on December 15, 2020, the criminal information was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3121(c).

filed alleging [Hornick] engaged in sexual intercourse with a person less than 13 years of age.

On April 22, 2021, [Hornick] endorsed a written guilty plea agreement (agreement). Pursuant thereto, he agreed to plead guilty to the charge set forth in the criminal information. There was no agreement as to the sentence to be imposed by the court. However, the agreement and guilty plea record demonstrate [Hornick] was acutely aware he was subject to a twenty-year maximum term of imprisonment and maximum fine of $25,000.

The agreement set forth additional requirements to which [Hornick] agreed and, to that end, they were imposed by the court at sentencing[.] The agreement was endorsed by the Assistant District Attorney (ADA), [Hornick], and counsel for. . . [Hornick] (PD).

Pursuant to the agreement and consistent with statute, by Order dated April 25, 2021, the Sexual Offenders Assessment Board (SOAB) was directed to complete an assessment. The SOAB issued the report on July 13, 2021. As set forth therein, [Hornick] was found to be a sexually violent predator (SVP) in the opinion of the Board Member.

The Presentence Investigation Report (PSI) dated August 5, 2021, was complete[d] and filed with this [c]ourt prior to the sentencing hearing convened on August 12, 2021. [Hornick] appeared with counsel and was sentenced to a standard range term of incarceration of 72 months minimum to the statutory maximum of 240 months. Parenthetically, we note the SVP hearing was held at the time of sentencing and, based upon the unrebutted evidence of record, [Hornick] was adjudged to be a SVP. The specific terms of the sentence are set forth in the sentencing record.

Trial Court Opinion, 1/3/22, at 1-2 (citations and footnotes omitted). Hornick did not challenge the sentence during the sentencing hearing, nor did he file a post-sentence motion.

Hornick filed this appeal, and both he and the trial court complied with Pa.R.A.P. 1925. In this Court, counsel filed a petition to withdraw and an

*Anders* brief. Hornick did not retain independent counsel or file a *pro se* response to the *Anders* brief.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to *Anders*, when counsel believes an appeal is frivolous and seeks to withdraw from representation, he must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). To satisfy the second requirement of *Anders*, an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009) (formatting altered). Once this Court determines that counsel complied with the *Anders* requirements, we must then conduct a "simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018). If we find the appeal to be wholly frivolous, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

Here, counsel has complied with *Anders*. Counsel submitted an application to withdraw as counsel to this Court, which stated that counsel conscientiously reviewed the record and determined that the appeal was wholly frivolous. In addition, counsel's *Anders* brief meets the requirements laid out in *Santiago*. Finally, counsel's application includes a copy of the letter sent to Hornick advising him of his right to retain new counsel, proceed *pro se*, or raise additional points. Thus, counsel has complied with the procedural requirements for withdrawing representation, and we will conduct an independent examination of the proceedings to determine if Hornick's appeal is wholly frivolous.

In the *Anders* brief, counsel raises two issues:

I.  Did the trial court err as a matter of law or abuse its discretion in failing to consider the mitigating evidence and [Hornick's] background, upbringing, thus failing to comply with 42 Pa. C.S.A. § 9721(b), in particular, the need for the such lengthy minimum sentence for the "protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the

- 4 -

rehabilitative needs of the defendant" and failed to impose an individualized sentence?

II. Did the trial court err as a matter of law or abuse its discretion in failing to consider the mitigating evidence and [Hornick's] background, upbringing, thus failing to comply with 42 Pa. C.S.A. § 9721(b), in particular, the need for the such lengthy minimum sentence for the "protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant" and failed to impose an individualized sentence where [Hornick] is a lifetime registrant under SORNA II?

*Anders* Brief at 3.

In both issues raised in the *Anders* brief, Hornick challenges the discretionary aspects of his sentencing, claiming that the trial court failed to consider several mitigating factors and imposed a sentence that is "manifestly excessive and harsh." *Anders* Brief at 14. "A claim that the sentence imposed by the trial court was manifestly excessive is a challenge to the discretionary aspects of the sentence." *Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa. Super. 2003).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). To preserve a challenge to the discretionary aspects of his sentence, an appellant must: (1) file a timely notice of appeal, (2) raise the issue at sentencing or in a motion to reconsider and modify sentence, (3) submit a brief with no fatal defects, and (4) raise a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). With

respect to the fourth prong of our issue preservation analysis, "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Crawford***, 257 A.3d 75, 79 (Pa. Super. 2021) (citing ***Commonwealth v. Eline***, 940 A.2d 421, 435 (Pa. Super. 2007)).

Here, we find that Hornick failed to properly preserve the issue for appellate review. With regard to the second requirement to invoke our jurisdiction to consider a challenge to the discretionary aspects of sentencing, Hornick failed to raise the issue at sentencing or in a post-sentence motion. As to the fourth requirement, Hornick does not raise a substantial question in challenging his sentence, set at the bottom of the standard range. Because the sentencing court did consider the purported mitigating factors that Hornick cites, he is limited to arguing that the consideration was inadequate, which does not raise a substantial question. ***Id.*** Hornick has failed to satisfy the requirements of issue preservation and cannot raise these issues on appeal. Issues that are waived on appeal are frivolous. ***Commonwealth v. Kalichak***, 943 A.2d 285 (Pa. Super. 2008).

Following our review of the issues raised by Hornick in counsel's ***Anders*** brief, we conclude that this appeal is wholly frivolous. In addition, after conducting an independent review of the record, we find no arguably meritorious issues that warrant further consideration. ***See Dempster***, ***supra***. Accordingly, we grant counsel's application to withdraw as counsel and affirm Hornick's judgment of sentence.

Application to withdraw as counsel granted; judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2022